## *ARCADE HOTEL CO. v. EDWARD WIATT.

1. LOSS OF MONEY HELD BY INNKEEPER FOR A GUEST—PROPER PARTY PLAINTIFF.

Wiatt recovered judgment by action in his own name against the Arcade Hotel Company, for the loss of money placed by him, while its guest, in the custody of the latter for safe keeping. It appeared subsequently that the money was not Wiatt's, but was held by him in trust for others. In an action by the Arcade Hotel Company, to set aside the judgment on the ground that Wiatt was not a real party in interest, nor a party plaintiff under the Code, *Held*, that he was a proper party to bring the action for the recovery of the money. If he held possession of the money upon an express trust for the benefit of others, he could, under section 4995, R. S., bring an action in his own name without joining the others, and it would not be necessary for him to prove the existence of the trust by an instrument in writing. 24 O. S., 623; 5 O. S., 194.

2. ACTION BY TRUSTEE IN HIS OWN NAME.

The contract of bailment being made by Wiatt with the Arcade Hotel Company, he could bring the action in his own name as the person with whom a contract was made for the benefit of the real owners.

ERROR to the Superior Court of Cincinnati.

Cox, J.

This is a petition in error to reverse a judgment of the Superior Court of Cincinnati. In that court the plaintiff in error filed its petition to set aside a judgment theretofore rendered against it, in favor of Edward Wiatt, in an action wherein Wiatt set forth that, being a guest at the hotel of the plaintiff, he had deposited with plaintiff the sum of 'twenty-one hundred and ninety-five dollars for safe keeping, and that on demand plaintiff refused to deliver it to him. That the suit was brought in the name of Wiatt as the real party entitled to sue. But that after judgment was rendered therein, an action was brought against Wiatt, the plaintiff herein, by one of his creditors, seeking to have part of said judgment appropriated to the satisfaction of his judgment, and in that case Wiatt filed his answer, setting up that "the amount due him from the Arcade Hotel Company is for money lost from this defendant's possession while a guest of said hotel, and by its negligence; said money was in the possession of the defendant as trustee and not in his own right; said money was the property of one Mart Simonton and one M. T. Lytle, and the liability of said hotel was prosecuted in the name of this defendant for the benefit of said parties, after first paying attorney's fees; and this defendant has no personal interest in such recovery whatever." · And plaintiff says that one of the points at issue in the original cause was the ownership of the money and 'bank notes which Wiatt alleged to have deposited with the hotel company, and that in said action he testified that he was the owner, and made no disclosure that Simonton and Lytle had any interest therein, nor was plaintiff aware of that fact until after the term of judgment had expired, and that it could not, with reasonable diligence, have ascertained it. That the statement made by Wiatt in his original petition, that he was the owner of the money, was untrue, and that he was not entitled to prosecute said suit in his own name; and plaintiff prays that the judgment entered in case 38,028 may be set aside, and a new trial granted for these reasons.

To this petition Wiatt filed a general demurrer, which was sustained by the court, and the case dismissed at plaintiff's costs.

---

* This case was dismissed January 26, 1886, by reason of the disposition of another case between the same parties involving the matter in controversy reported. 44 O. S., 32.

For decisions of Superior Court in this case see 9 Bull. Dec. 21. For district court opinion see 10 Bull. Dec. 310. See also 12 Bull. Dec. 250.

The error assigned is that the court erred in sustaining the demurrer and in not overruling the same.

It was claimed by plaintiff in error that Wiatt was not the real party in interest, as required by section 4993, Revised Code, nor was he a proper plaintiff under sections 4994 and 4995.

If by real party is meant one who is the sole and exclusive owner and controller of the subject-matter of the action, it cannot be contended that Wiatt was the proper party to maintain the action.

The ground upon which it is claimed to set aside the judgment is, that it now appears from his statement that he held the money alleged to have been deposited by him with the hotel company, simply as a trustee for other persons, and that without disclosing that capacity, he brought suit in his own name.

If he held possession of the money upon an express trust for the benefit of any other person, there is no doubt that he could, under section 4995, bring an action in his own name without joining such other person. It is claimed by plaintiff that to constitute an express trust, there must be an instrument in writing declaring the trust. But this is not required in this state. The authorities are numerous that an express trust can be created by parol. "A deed absolute on its face may be shown in fact to be a trust, by parol." Matthis v. Leaman, 24 O. S., 623 ; 5 O. S., 194.

But what is the meaning of this term in section 4995, "trustee of an express trust?" Our Code is adopted from that of New York, and there it is thus defined : "A trustee of an express trust is a person with whom or in whose name a contract is made for the benefit of another." In adopting that Code, we have inserted not only "the trustee of an express trust" as a party who may sue, but also designated as another, "a person with whom or in whose name the contract is made for the benefit of another." So that, if no express trust be created either in writing or by parol, if a contract be made with one person or in the name of a person for the benefit of another, the person with whom the contract is so made, or in whose name it is made, may bring the suit.

Now it is sought to set aside this judgment, because the plaintiff only claims that he held the money deposited in trust for other parties. If it were necessary to put his right of action on this ground, we think it would be sufficient. But he claims, that, having the money in his possession in trust for others, he, being the guest of the hotel company, deposited it with its officers to be returned to him, not as his own property, but as property held for the benefit of others, and the contract of bailment must be interpreted as a contract made by the hotel company with Wiatt for the benefit of the real owners of the money, and if such proof had been made in the original case, it would come clearly within section 4995, authorizing Wiatt to bring suit in his own name for the recovery of the money, if not repaid him on demand, according to the contract of bailment.

It is admitted by plaintiff that Wiatt might have brought an action of replevin, because in that action he would only have to allege and prove a right of possession.

Authorities are cited to show that when an agent has lost or deposited money or other property, an action to recover the same may be brought in the name of the principal. There is no doubt of this proposition, and when the agent, or party, or possessor, brings his suit, the real owner is the real party to this extent, that any offset or claim in the funds which the defendant may have, may be worked out against him through the agent. But this right of the principal to sue is for him to assert, and not for a third person.

The general rule is well stated by Bayley, Judge, in Sargeant v. Morris, 3 Barnewall and Ald., 277, as follows: "Now I take the rule to be this: If an agent acts for me and on my behalf, but in his own name, then, inasmuch as he is the person with whom the contract is made, it is no answer to an action in his name, to say, that he is merely an agent, unless you can show, also, that he

is prohibited from carrying on that action by the person in whose behalf the contract was made. In such case, however, you may bring your action, either in the name of the party by whom the contract was made, or of the party for whom the contract was made."

Our Code is substantially the adoption of this principle.

In Nixon v. Nixon, 21 O. S., 114, where a party contracted to deliver from fifty to one hundred hogs, and, on bringing suit to recover for the value, it appeared that he only owned thirty-nine of them, the rest belonging to other parties, the court say : "If the plaintiff had the right to tender the hogs on the contract, so that by accepting them the defendant would have acquired a good title, the fact that the plaintiff was the absolute owner of only a part of them, the remainder having been furnished to him by third persons for such delivery, *would neither* constitute a defense or demand for damages."

And in Davis v. Harness, 38 O. S., 397, which was a similar case, but for delivery of corn, of which the plaintiff was the owner of only a part, but sold it with his own by consent of the other owners, the court says: " A party entering into a contract in his own name may sue or be sued upon it, whether he be, in fact, agent or principal.'' The same principle is also held in Gard v. Neff, 39 O. S., 607.

The judgment of the Superior Court, we think, was right, and it will, therefore, be affirmed.

SMITH and SWING, JJ., concurred.

Perry & Jenney, for plaintiff in error.

Campbell, Bates & Bettman, for defendant in error.